```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

_____
                                       :
YAJAIRA NAVARRO,                       :
                                       : Civ. Action No. 13-6424 (RMB)
            Petitioner,                :
                                       :
        v.                             : **MEMORANDUM OPINION AND ORDER**
                                       :
UNITES STATES,                         :
                                       :
            Respondent.                :
_____:

This matter comes before the Court upon the Clerk's receipt of Petitioner's letter, see Docket Entry No. 4, and it appearing that:

Underlying Petitioner's current challenges is her criminal conviction rendered on July 2, 2010, together with imposition of a mandatory minimum prison sentence applicable to her offenses. See Docket Entry No. 1, at 1 (detailing the same and discussing the later procedural history, including denial of her appeal).

On July 30, 2013, Petitioner moved for sentence reduction relying on Alleyne v. United States, 133 S. Ct. 2151 (2013), and her accomplishments in the prison setting. See id. at 1-2.  This Court, therefore, directed Petitioner to clarify whether she wished to have her motion construed as a § 2255 application. See id. at 2.  In response, Petitioner expressed her concern that her motion, if construed as a § 2255 application, might be denied as untimely or procedurally defaulted, or substantively meritless, and requested consideration under 18 U.S.C. § 3582. See id.  The

Court, therefore, examined Petitioner's challenges in light of the legal bases she had asserted and found that no statement in Petitioner's motion established a nexus between her desire for sentence reduction and § 3582 or Alleyne. See id. at 2-3 and n.1 (detailing the same at length). The Court closed by stating:

> While [Petitioner's] desire to have her sentence modified downwards is apparent, this Court cannot piece together either [her] substantive arguments or her jurisdictional bases, if any . . . . A fortiori, the Court cannot hypothesize or foster the facts or law that might qualify [her] for the relief she desires.
>
>> [T]he Court . . . is obligated to limit the amount of guidance or assistance it provides to Plaintiff in connection with pleading his claims. See Pliler v. Ford, 542 U.S. 225, 231-32 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); see also Reeves v. Office of the Pub. Defender, 2012 U.S. Dist. LEXIS 23289, at *5 (D.N.J. Feb. 23, 2012) ("the Court's legal assistance to Plaintiff would render the Court biased") (citing, inter alia, 28 U.S.C. § 455(a), Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988), and In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004)).

Id. at *3-4 (quoting Kitchen v. Essex County Corr. Facility, 2013 U.S. Dist. LEXIS 68976, at *5-6 (D.N.J. May 15, 2013)).

Therefore, the Court concluded that Petitioner's motion, as filed, was facially meritless. See id. at 4. However, out of abundance of caution, the Court construed Petitioner's motion in the broadest terms, reading it as an application under the All Writs Act to allow Petitioner an opportunity to flesh out her claims, if present and viable, and to ensure that she was not

2

stripped from her day in court.  See id. at 4-5 and n.3.  The Court directed the Clerk to commence the instant matter, see id. at 5-6, and Petitioner was directed to file her "written statement clarifying the factual, jurisdictional and substantive legal grounds upon which she [sought] relief."  Id. at 6.

The letter at bar followed.  See Docket Entry No. 4.  It suggested Petitioner's interest in having counsel appointed to represent her, verified her desire not to raise § 2255 challenges and indicated her confusion as to the Court's reasoning for directing the Clerk to commence this matter under the All Writs Act.  See id. ("By all means if [the Court wishes to] order the 540 mandamus & other motion review and feel[s] is better suited [to provide Petitioner with the relief she seeks], please pursue as such").  The letter closed with the following statement: "I am only seeking any relief under the law/cases [that could help me] so that I may return to my family . . . as soon as possible. . . . I pray humbly upon the courts for their relief and assistance."  Id.

As this Court already stated, Petitioner's desire to end her confinement is apparent.  See Docket Entry No. 1, at 3.  On a human level, it is understandable.  However, courts act on law, not emotions, and Petitioner's attempt to bolster those emotions

3

by now asserting her "recently diagnosed rheumatiod arthritis and lupus" added nothing to her position here.[1]

Moreover, Petitioner's "permission" allowing this Court to construe her claims in any unspecified way that might rake her relief detracts from – rather than adds to – her position.  The Court cannot act as Petitioner's counsel; as the Court already explained, doing so would render the Court biased. See Docket Entry No. 1, at *3-4.

As the Court detailed in its prior decision, Petitioner's position based on § 3582 or Alleyne appears meritless, since the statute and case law she relies upon lack nexus to Petitioner's facts.  In other words, even if some criminal defendants might qualify for relief under these legal provisions, it does not mean that other litigants may or should "jump[] on the bandwagon." Falor v. G&S Billboard, 2008 U.S. Dist. LEXIS 99613, at *5

---

[1]  To the extent Petitioner wishes to seek medical care through a legal action, she may commence a civil matter under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). To the extent she wishes to seek early medical release, she may make an appropriate application to the executive branch.  An early medical release could be sought under (a) § 3582(c)(1); or (b) as executive clemency.  Section 3582(c) applies "to the unusual case in which the defendant's circumstances are so changed, such as terminal illness, that it would be inequitable to continue the confinement," see S. Rep. No. 98-225, at 121 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3304; it is inapplicable here since Petitioner's circumstances have not "so changed."  Under the executive clemency method, she must request that the President of the United States, not this Court, grant her a reduction or commutation of sentence.  The Court expresses no opinion as to the validity of such an application, if made.

4

(D.N.J. Dec. 8, 2008); see also Ortiz-Dominguez v. Hollingsworth, 2013 U.S. Dist. LEXIS 5605, at *1 (D.N.J. Jan. 11, 2013) ("It is an unfortunate reality of prisoners' litigation that this area of law is particularly amenably to 'fad suits,' since the news of a judicial decision perceived by inmates as favorable to incarcerated individuals tends to spread throughout prison facilities like wild fire, causing prisoners to commence scores of merely hope-driven, poorly thought-through actions: until that fad gets extinguished . . . and the next fad grabs the prisoners' attention") (citing Ass'd Bank, N.A. v. Dennis Tech., LLC, 2008 U.S. Dist. LEXIS 42844, at *7, n.2 (S.D. Ill. May 30, 2008)).

That is why the Court directed the Clerk to commence this matter under the broad jurisdiction of the All Writs Act. Nothing in the Court's prior decision suggested that Petitioner had or even might have had a viable claim, be it of mandamus nature or any other nature.[2]

By the same token, nothing in the Court's prior decision suggested that Petitioner qualified for appointment of counsel.

---

[2] Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking such a writ "must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by, 3d Cir. Local App. R. 24.1(c) (1997). Here, Petitioner has not shown that her right to the relief she seeks is clear and indisputable; in fact, thus far she has not shown any right to relief and asserted no viable claim at all.

She does not have a constitutional right to counsel in a habeas or All Writs Act proceeding.  See, e.g., Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), superseded on other grounds by statute, 28 U.S.C. § 2254.  Under § 3006A(a)(2)(B), the court has discretion to appoint counsel, but only where it "determines that the interests of justice so require."  In Reese, the Court of Appeals explained that in determining whether counsel should be appointed, a court must first decide if the plitigant "has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case."  Reese, 946 F.2d at 263-64.  Thus far, here, Petitioner failed to state a viable, nonfrivolous claim.  She stated only her desire to be released from confinement.

Therefore, this Court has no basis to appoint counsel or direct responsive pleadings.  However, the Court will allow Petitioner one final opportunity and extension of time to state a viable legal claim and facts in support of the same.

IT IS, therefore, on this **19th** day of **November 2013**,

**ORDERED** that the Clerk shall terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED SUBJECT TO REOPENING UPON TIMELY RECEIPT OF PETITIONER'S WRITTEN STATEMENT"; and it is further

6

**ORDERED** that Petitioner's time to file and serve a written statement detailing *specific legal bases* of Petitioner's claims and *facts in support of the same* is extended for the period of sixty days from the date of entry of this Memorandum Opinion and Order.  In the event Petitioner raises legal claims facially inapposite to her circumstances or frivolous in light of the explanations provided to her in the Court's prior decision, sanctions might be applied to her, if appropriate; and it is further

**ORDERED** that, in the event timely Petitioner files and serves her written statement, the time table for Respondent's position statement and Petitioner's traverse should be as detailed in the Court's prior decision; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and upon Respondent by means of electronic delivery.

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**