<u>NOT FOR PUBLICATION</u>

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

_____
                                   :
YAJAIRA NAVARRO,                   :
                                   :   Civ. Action No. 13-6424 (RMB)
             Petitioner,           :
                                   :
        v.                         :   **<u>MEMORANDUM OPINION AND ORDER</u>**
                                   :
UNITES STATES,                     :
                                   :
             Respondent.           :
_____:

**BUMB**, District Judge:

    This matter comes before the Court upon Petitioner's submission of her so-designated "follow-up" and two letters, <u>see</u> Docket Entries Nos. 6, 7 and 8, which prompted restoration of this matter to the Court's active docket.  <u>See</u> Docket Entry No. 9.

    Underlying Petitioner's instant civil matter is her criminal conviction on July 2, 2010.  <u>See</u> Docket Entry No. 1, at 1 (detailing the same and discussing the later procedural history, including denial of her appeal).  She is currently serving her sentence at FCI Danbury, Danbury, Connecticut, <u>see</u> <u>generally</u>, Docket, and her projected release date is July 9, 2015.  <u>See</u> http://www.bop.gov/inmateloc/.

    On July 30, 2013, that is, more than three years after her conviction and sentence, Petitioner moved for a sentence reduction relying on <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), and  citing her accomplishments in the prison setting.

See id. at 1-2.  This Court, therefore, directed her to clarify whether she wished to have her motion construed as a § 2255 application.  See id. at 2.

In response, Petitioner: (a) declined such construction, citing the fact that her § 2255 motion would be untimely and procedurally defaulted; and (b) requested review of her motion under 18 U.S.C. § 3582.  See id.  Accordingly, this Court examined Petitioner's application and found no nexus between  § 3582 (or Alleyne) and Petitioner's desire for sentence reduction. See id. at 2-3 and n.1 (detailing the same at length).  The Court closed by stating:

> While [Petitioner's] desire to have her sentence modified downwards is apparent, this Court cannot piece together either [her] substantive arguments or her jurisdictional bases, if any . . . . A fortiori, the Court cannot hypothesize or foster the facts or law that might qualify [her] for the relief she desires.
>
> > [T]he Court . . . is obligated to limit the amount of guidance or assistance it provides to Plaintiff in connection with pleading his claims.  See Pliler v. Ford, 542 U.S. 225, 231-32 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); see also Reeves v. Office of the Pub. Defender, 2012 U.S. Dist. LEXIS 23289, at *5 (D.N.J. Feb. 23, 2012) ("the Court's legal assistance to Plaintiff would render the Court biased") (citing, inter alia, 28 U.S.C. § 455(a), Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988), and In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004)).

Id. at *3-4 (quoting Kitchen v. Essex County Corr. Facility, 2013 U.S. Dist. LEXIS 68976, at *5-6 (D.N.J. May 15, 2013)).

With that, this Court dismissed Petitioner's motion as drafted.  See id. at 4.  However, out of an abundance of caution, the Court alternatively construed the motion as an application filed under the All Writs Act so to allow Petitioner an opportunity to further clarify her claims.  See id. at 4-5 and n.3.  Correspondingly, the Court directed the Clerk to commence the instant matter, see id. at 5-6, and ordered Petitioner to file her "written statement clarifying the factual, jurisdictional and substantive legal grounds upon which she [sought] relief."  Id. at 6.

In response, Petitioner filed her first letter.  See Docket Entry No. 4.  The letter verified Petitioner's desire not to raise § 2255 challenges but indicated her confusion as to the Court's directive to commence the instant matter under the All Writs Act.  See id. ("By all means if [the Court wishes to] order the 540 mandamus & other motion review and feel[s] is better suited [to provide Petitioner with the relief she seeks], please pursue as such").  The letter closed with the statement, "I am only seeking any relief under the law/cases [that could help me] so that I may return to my family . . . as soon as possible. . . .  I pray humbly upon the courts for their relief and assistance."  Id.

3

This Court thereafter extended "Petitioner's time to file and serve a written statement detailing *specific legal bases* of Petitioner's claims and *facts in support of the same*." Id. at 7 (emphasis in original). The three submissions at bar followed, each indicating Petitioner's confusion as to the role of this Court.

Petitioner's submissions fail to state a viable legal claim and contain no facts that could be read as suggesting her entitlement to the relief she desires.[1]

IT IS, therefore, on this **4th** day of **December 2014**,

**ORDERED** that Petitioner's applications, Docket Entries Nos. 6, 7 and 8, seeking reduction of her sentence, are denied as without merit; and it is further

---

[1] Petitioner's latest submission, with her "reminder" to this Court to "consider[] the impending law change for S 1410 Smarter Sentencing Act," fails to state a claim. The Smarter Sentencing Act is *not* a legislation: it is merely a *proposed bill* (introduced to the United States Senate on July 31, 2013, and to the House of Representatives on October 30, 2013); it aims to adjusts – rather than to eliminate – federal mandatory sentencing guidelines. See https://www.govtrack.us/congress/bills/113/hr3382; https://www.govtrack.us/congress/bills/113/s1410. *If* enacted, the bill would reduce the mandatory sentences for drug offenses, expand the ability of non-violent offenders to reduce their sentences under the federal "safety valve" and enable retroactive sentence adjustment under the Fair Sentencing Act of 2010. See id. Because the Act is *not* law, this Court cannot "consider prospectively complying with the pending Smarter Sentencing Act" because the future of this proposed bill is "just too speculative." United States v. Paz-Castillo, 561 F. App'x 765, 766-67 (10th Cir. 2014).

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that, in the event Petitioner desires to have this matter reopened, Petitioner shall submit a *clear and concise* written statement stating the exact legal provision and the exact factual predicate in support of her claim that her sentence, as imposed or executed, *violates her legal rights*.  Such written statement shall be filed within sixty days and shall be free of any irrelevant claims or facts; and it is further

**ORDERED** that, in the event Petitioner persists at filing irrelevant submissions, sanctions might be applied to Petitioner, if warranted, for abuse of legal process; and it is further

**ORDERED** that this Court retains jurisdiction over this matter for the period of ninety days, subject to extension, if warranted; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

    s/Renée Marie Bumb
    **RENÉE MARIE BUMB**
    **United States District Judge**